IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**VINCENT E. HENDERSON, JR.,**          CASE NO. 3:22 CV 423

    Plaintiff,

    v.                                      JUDGE JAMES R. KNEPP II

**FREMONT MUNICIPAL COURT, et al.,**

                                         **MEMORANDUM OPINION AND**
    Defendants.                         **ORDER**

### BACKGROUND

*Pro se* Plaintiff Vincent E. Henderson, Jr., has filed an *in forma pauperis* civil rights complaint against the Fremont Municipal Court and "Scott Hunter Bail Bondsmen," seeking damages for violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments. (Doc. 1). His complaint, however, does not set forth cogent factual allegations in connection with his claims. In the "Statement of Claim" portion of his form complaint where he was asked to set forth the facts underlying his claims, he simply states:

> Wrongfully incarcerated, excessive bail, deprived of civil rights. Scott Hunter Fremont Municipal Court. Witness Megan Cooks, Todd Kuck.

*Id.* at 4, ¶ III, C.

The various attachments Plaintiff submitted with his complaint (Docs. 1-1 through 1-8) also do not set forth cogent factual allegations in connection with his claims.

Plaintiff did not pay the filing fee, but instead, filed a motion to proceed *in forma pauperis*. (Doc. 2). That motion is granted, and for the following reasons, his Complaint is dismissed.

1

**STANDARD OF REVIEW AND DISCUSSION**

*Pro se* complaints are liberally construed and held to less stringent standards than pleadings drafted by lawyers, but this generous construction has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or construct claims for them. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). The allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Even according Plaintiff's complaint the deference to which a *pro se* pleading is entitled, the Court finds it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a plausible claim.

Although Plaintiff contends he was subjected to excessive bail and wrongfully

incarcerated, he fails to allege cogent discernible facts in his pleadings from which a reasonable inference could be drawn that his bond was excessive or his incarceration unlawful. The unclear and conclusory statements and assertions set forth in his complaint and attachments fail to meet basic pleading requirements and are insufficient to raise his right to his relief on any constitutional claim against any Defendant above a speculative level. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Moreover, the Fremont Municipal Court is not *sui juris* and is therefore not a proper defendant in a § 1983 action. *See Malone v. Court of Common Pleas of Cuyahoga Cty.*, 344 N.E.2d 126, 128 (Ohio 1976) (under Ohio law, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right."); *Hawkins v. Youngstown Municipal Court*, 2012 WL 4050167, at *2 (N.D. Ohio); *Arbino v. State of Ohio*, 2012 WL 1756856, at *2 (S.D. Ohio) (collecting cases), *report and recommendation adopted* 2012 WL 1755828. Local governments may be liable for constitutional deprivations only where their own policy or custom causes a constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978). But Plaintiff has not alleged a policy or custom of a local government caused him to suffer the constitutional deprivations he asserts, and the conclusory statements and allegations set forth in his pleadings do not plausibly support such a conclusion.

Further, Plaintiff fails to plead facts to plausibly suggest that "Scott Hunter Bail Bondsmen" is a state actor subject to § 1983 liability as it relates to his claims. *See Jacobs v. A Robert Despersia* Agency, 2009 WL 799944, at *2-3 (E.D. Mich.).

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE
